CONFIDENTIAL UNLESS VIOLATED

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY

BOARD OF REGISTRATION
IN NURSING

In the Matter of
Jaclyn McQueen
RN License No.280486
Expires: 12/9/2020 (expired)

Complaint No. NUR-2020-0100

## CONSENT AGREEMENT FOR SARP PARTICIPATION

The Massachusetts Board of Registration in Nursing (Board) and Jaclyn McQueen (Licensee), a RN (Registered Nurse) licensed by the Board, License No. 280486, do hereby stipulate and agree that the following information shall be entered into the Licensee's record maintained by the Board:

1.  The Licensee agrees that this Consent Agreement for SARP Participation (SARP Agreement) is entered into in resolution of the Board's investigation of a complaint filed against the Licensee, Complaint No.NUR-2020-0100.

2.  The Licensee admits that she has a substance use disorder, and that said substance use disorder impairs her ability to practice nursing in a safe and competent manner. Specifically, the Licensee admits that while on duty as a Registered Nurse at the Hebrew Rehabilitation Center in Dedham, MA, during or about May 2020, she diverted and tampered with fifty-one (51) syringes of Oxycodone 2.5mg/2.5ml oral solution and she was impaired at work. The Licensee acknowledges that her conduct, as documented in Complaint No NUR-2020-0100, constitutes failure to comply with the Board's Standards of Conduct at 244 Code of Massachusetts Regulations (CMR) 9.03 (5), (9), (35), (36), (37), (39), (44), (47) and warrants disciplinary action by the Board under Massachusetts General Laws (G.L.) Chapter 112 § 61 and Board regulations at 244 CMR 7.04, Disciplinary Actions.

3.  Pursuant to Massachusetts General Laws ("G.L.") Chapter 112, section 80F, the Board established the Substance Abuse Rehabilitation Program ("SARP") as an alternative to standard disciplinary action. The Board and the Licensee agree that he/she will participate in SARP as a voluntary alternative to the Board pursuing disciplinary action against his/her license.

CONFIDENTIAL UNLESS VIOLATED

4.     The Licensee agrees to participate in SARP for a minimum of three (3) years (SARP Period) commencing with the date on which the Board signs this Agreement (Effective Date).

5.     The Licensee agrees to renew his/her license in a timely manner while participating in SARP.  The license status will be changed to "Non-Disciplinary Restriction" when nursing practice is restricted.  When nursing practice privileges are restored, the license status will be changed to "Non-Disciplinary Conditions."

6.     The Licensee agrees to comply with the requirements set forth in Individual Rehabilitation Program (IRP) executed concurrently with this Agreement and incorporated into this Agreement.  The Licensee agrees that the specific requirements of the IRP are subject to change by the Board, or by the SARP staff as authorized by the Board, as necessary to protect the public health, safety and welfare.  The Licensee further agrees to comply with the requirements of the IRP as may be amended from time to time pursuant to the terms of this Agreement and the Licensee's progress through the SARP program.

7.     The Licensee agrees that SARP staff may, pending review by the SAREC or the Board, take immediate action to restrict nursing practice privileges following:
a.     A self-report of unauthorized substance use by the Licensee;
b.     A positive toxicology screening result that are not supported by a current and valid prescription provided to the SARP staff prior to the toxicology test date;
c.     A third party report that the Licensee has engaged in unauthorized substance use or has been impaired, provided that such report is supported by statement or documentation by a person to whom the Licensee has admitted such use or impairment or a person who has observed such use or impairment.

Immediate action that SARP staff may take includes notifying the Licensee, and any employer where the Licensee may be engaged in nursing practice, that the Licensee's nursing practice privileges have been restricted.  SARP staff shall inform the Licensee of the factual basis for taking immediate action.  In the event that the Licensee disputes the factual basis, the Licensee agrees to refrain from nursing practice until such time as the Board either determines that there is no violation, or takes an action pursuant to paragraph 12.

8.     The Licensee may petition the Board for modifications to nursing practice restrictions when the Licensee meets the requirements for re-entry into monitored practice in accordance with SARP Policy, 18-01.

9.     The Licensee agrees to be subject to the terms of SARP policies in effect at the time of the Effective Date of the SARP Agreement and any changes to the policies as the Board may thereafter adopt.

10.    The Licensee may petition the Board for formal discharge from SARP.  The Petition must be in writing, must include a sworn written statement that there are

CONFIDENTIAL UNLESS VIOLATED

no pending actions or obligations, criminal or administrative, against the Licensee before any court or administrative body in any other jurisdiction and an authorization for the Board to obtain a Criminal Offender Record Information (CORI) Report of the Licensee conducted by the Massachusetts Criminal History Systems Board.  The petition will be granted only upon:

   i.      Three (3) consecutive years of full and sustained recovery from a substance abuse disorder as evidenced by complete compliance with the terms and conditions of the SARP Agreement;

   ii.     At least one (1) year of safe and competent monitored nursing practice, which must include medication management, as evidenced by submission of *Nursing Supervisor Reports*; and

   ii.     Approval of the petition by the Board.

11.   The Board agrees that in return for the Licensee's execution of this SARP Agreement it will not prosecute the allegations contained in Complaint No.NUR-2020-0100.  In addition, if the Licensee has complied to the Board's satisfaction with all the requirements contained in this Agreement, and the Board discharges Licensee from SARP pursuant to paragraph 10 above the Licensee's record will be sealed.

12.   If the Licensee violates any requirement of this SARP Agreement or if the Board opens a subsequent complaint[1] during the SARP period, the Licensee agrees to the following:

   a.   The Board may upon written notice to the Licensee, as warranted to protect the public health, safety, or welfare:

       i.     EXTEND the SARP Period; and/or

       ii.    MODIFY the SARP Agreement; and/or

       iii.   IMMEDIATELY SUSPEND the Licensee's nursing license and TERMINATE the Licensee from SARP.

   b.   If the Board suspends the Licensee's nursing license pursuant to Paragraph 12(a)(iii), the suspension shall remain in effect until:

       i.     the Board gives the Licensee written notice that the SARP Period is to be resumed and under what terms; or

       ii.    the Board and the Licensee sign a subsequent agreement; or

       iii.   the Board issues a written final decision and order following adjudication of the allegations of noncompliance with this

---

[1] The term "Subsequent Complaint" applies to a complaint opened after the Effective Date, which (1) alleges that the Licensee engaged in conduct that violates Board statutes or regulations, and (2) is substantiated by evidence, as determined following the complaint investigation during which the Licensee shall have an opportunity to respond.

CONFIDENTIAL UNLESS VIOLATED

      Agreement and/or following adjudication of the allegations contained in the Subsequent Complaint.

13.    The Licensee agrees that if the Board suspends his/her nursing license in accordance with Paragraph 12, he/she will immediately return the current Massachusetts license to practice as a Registered Nurse to the Board, by hand or certified mail.  Upon said suspension, the Licensee will no longer be authorized to engage in the practice of nursing in the Commonwealth of Massachusetts and shall not in any way represent himself/herself as a Registered Nurse until such time as the Board reinstates his/her nursing license or right to renew such license[2].

14.    The Licensee agrees that if he/she provides written notice of his/her voluntary withdrawal from SARP, his/her nursing license shall be suspended for a minimum of three (3) years in accordance with paragraph 15 of this Agreement.  Upon said suspension, the Licensee will no longer be authorized to engage in the practice of nursing in the Commonwealth of Massachusetts and shall not in any way represent himself/herself as a Registered Nurse until such time as the Board reinstates his/her nursing license or right to renew such license[3].

15.    The Licensee understands that any SUSPENSION of his/her nursing license in accordance with this Agreement shall be for a minimum of three (3) years, commencing with the Effective Date of the notice of SUSPENSION.  After a three (3) year period of license SUSPENSION, the Licensee may petition the Board in writing for reinstatement of his/her Registered Nurse license.  With such petition, the Licensee shall submit documentation satisfactory to the Board of his/her ability to practice nursing in a safe and competent manner as delineated in Paragraph 16 below.

16.    The Licensee agrees that together with any request for license reinstatement he/she shall provide all of the following to the satisfaction of the Board:

    a.    Have submitted directly to the Board, according to the conditions and procedures outlined in **the IRP and Attachment A**, the results of random observed urine tests for substances of abuse, collected no less than fifteen (15) times per year during the two (2) years immediately preceding any petition for reinstatement, all of which are required to be negative.

    b.    Documentation that he/she has obtained a sponsor and has regularly attended Alcoholics Anonymous (AA) and/or Narcotics Anonymous (NA) meetings at least three (3) times per week during the two (2) years immediately preceding any petition for license reinstatement, such

---

[2] Any evidence of unlicensed practice or misrepresentation as a Registered Nurse after the Board has notified the Licensee of his/her license suspension shall be grounds for further disciplinary action by the Board and the Board's referral of the matter to the appropriate law enforcement authorities for prosecution, as set forth in G.L. c. 112, §§ 65 and 80.

[3] Any evidence of unlicensed practice or misrepresentation as a Registered Nurse after the Board has notified the Licensee of his/her license suspension shall be grounds for further disciplinary action by the Board and the Board's referral of the matter to the appropriate law enforcement authorities for prosecution, as set forth in G.L. c. 112, §§ 65 and 80.

CONFIDENTIAL UNLESS VIOLATED

documentation to include a letter of support from the sponsor and signatures verifying this required attendance.

c.    Documentation verifying that he/she has regularly attended group or individual counseling or therapy, or both, conducted by a licensed mental health provider during the two (2) years immediately preceding any petition for reinstatement. Such documentation shall be completed by each licensed mental health provider seen by the Licensee, and shall be written within thirty (30) days preceding any petition for reinstatement and sent directly by the provider to the Board.

d.    Written verification from his/her primary medical care provider and any other licensed health care professional(s) with whom he/she may have consulted, written within thirty (30) days preceding any petition for license reinstatement, that the Licensee is medically able to resume the safe and competent practice of nursing, including a list of all prescribed medications and the medical necessity for each.

e.    If employed during the year immediately preceding Licensee's petition for licensee reinstatement, have each employer from said year submit on official letterhead an evaluation reviewing Licensee's attendance, general reliability, and overall job performance[4].

f.    Evidence of completion of all continuing education required by Board regulations within the two (2) license renewal cycles immediately preceding any reinstatement petition.

g.    Certified Court and/or Agency documentation that there are no pending actions or obligations, criminal or administrative, against the Respondent before any court or Administrative Agency including, but not limited to:

    1.    Documentation that *at least one (1) year prior to any petition for reinstatement* the Respondent satisfactorily completed all court requirements (including probation) imposed on him/her in connection with any criminal matter and a description of those completed requirements and/or the disposition of such matters;[5] and

    2.    Certified documentation from the state board of nursing of each jurisdiction in which the Licensee has ever been licensed to practice as a Licensee, sent directly to the Massachusetts Board identifying the license status and discipline history, and verifying

---

[4] If Licensee wasn't employed at all during this period, submit an affidavit so attesting.

[5] The Licensee shall also provide, if requested, an authorization for the Board to obtain a Criminal Offender Record Information (CORI) Report of the Licensee conducted by the Massachusetts Criminal History Systems Board and a sworn written statement that there are no pending actions or obligations, criminal or administrative, against the Licensee before any court or administrative body in any other jurisdiction.

CONFIDENTIAL UNLESS VIOLATED

that his/her nursing license is, or is eligible to be, in good standing and free of any restrictions or conditions.

17. The Board may choose to relicense the Licensee if the Board determines that license reinstatement is in the best interests of the public at large. The Board's approval of Licensee's petition for license reinstatement shall be conditioned upon, and immediately followed by, probation of Licensee's nursing license for a minimum of two (2) years, as well as other restrictions and requirements that the Board may then determine are reasonably necessary in the best interests of the public health, safety, and welfare.

18. The Licensee understands that she/he has a right to formal adjudicatory hearing concerning the allegations against him/her and that during said adjudication he/she would possess the right to confront and cross-examine witnesses, to call witnesses, to present evidence, to testify on his/her own behalf, to contest the allegations, to present oral argument, to appeal to the courts, and all other rights as set forth in the Massachusetts Administrative Procedures Act, G. L. c. 30A, and the Standard Adjudicatory Rules of Practice and Procedure, 801 CMR 1.01 *et seq.* The Licensee further understands that by executing this Agreement he/she is knowingly and voluntarily waiving the right to a formal adjudication of the complaint(s).

19. The Licensee acknowledges that he/she has been at all times free to seek and use legal counsel in connection with the complaint[s] and this Agreement.

20. The Licensee acknowledges that if the Board SUSPENDS his/her nursing license pursuant to this Agreement, the Agreement constitutes a public record of disciplinary action by the Board. The Board may forward a copy of this Agreement to other licensing boards, law enforcement entities, and other individuals or entities as required or permitted by law.

21. The Licensee certifies that he/she has read this Agreement. The Licensee understands and agrees that entering into this Agreement is a final act and not subject to reconsideration, appeal or judicial review.

Jaclyn McQueen (sign and date)

Stephen McQueen
Witness (print)

Witness (sign and date)

CONFIDENTIAL UNLESS VIOLATED

*Patricia McNamee on behalf of:*
_____
Claire L. MacDonald DNP, RN
Deputy Executive Director
Board of Registration in Nursing

*May 18, 2022*
_____
Effective Date of Agreement

Fully Signed Agreement Sent to Licensee on ___5|18|22___ by ~~UPS~~

*Certified*
~~Overnight~~ Tracking No. ___USPS   7019  1120  0000   7930  0091___